UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIDGETTE SPROAT, individually ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| FAMILY FARM & HOME, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, Bridgette Sproat, individually, by her counsel, and for her Complaint against the Defendant, Family Farm & Home, Inc., alleges and says:

1. The plaintiff is Bridgette Sproat ("Sproat") a resident of DeKalb County, Indiana.

2. Sproat is a qualified employee of the defendant, Family Farm & Home, Inc. ("FFH") and performed her job within the reasonable expectations of her employer at all material times to this Complaint.

3. Sproat contends that while employed by FFH, she suffered discrimination on the basis of her disability/perceived disability and gender in violation of her rights under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et seq*.

4. Defendant FFH is a foreign for-profit corporation doing business at 350 North Grandstaff Drive, Auburn, IN 46706, with headquarters at 900 Third Street, Suite 302, Muskegon, MI 49440.

5. Defendant is an employer for purposes of the ADA and Title VII of the Civil Rights Act.

6. Sproat filed her EEOC Charge of Discrimination, Charge No. 24F-2021-01733, which was filed on or about July 15, 2021, a copy of which is attached hereto and incorporated herein and made a part hereof as Exhibit A.

7. The EEOC issued its Dismissal Notice of Rights, Notice of Suit Rights on April 15, 2022, a copy of which is attached hereto and made a part hereof as Exhibit B.

8. All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this lawsuit.

9. Sproat worked for the defendant since June of 2019, until her wrongful termination on or about March 17, 2021.

10. Sproat is a Type 1 diabetic and has been diagnosed as such since childhood.

11. Sproat worked as a sales associate at Defendant's Auburn, IN store, and received a raise for good work performance and was nominated for an employee of the month award.

12. During the pandemic, mask wearing was not uniformly enforced in the store and in November of 2020, Sproat tested positive for Covid-19.

13. Sproat was off work for two (2) weeks and received sick pay during that time.

14. However, during that time, Sproat has reason to believe other employees were informed of her Covid-19 diagnosis.   When Sproat returned to work, even though she only told the manager and assistant manager about her Covid diagnosis, other coworkers came up to Sproat and asked her what it was like to have Covid.

15. Further, the sick pay she received was inappropriately identified on her paystubs as "Covid-19".  This breached the confidentiality obligations that Defendant owed to Sproat under the ADA.

16. Because of a reduction in her hours, Sproat was converted from an employee eligible for store benefits to an employee that was not eligible.

17. Following Sproat's recovery from Covid-19, she suffered from long Covid with intermittent low-grade fevers, although she was testing negative for Covid-19.

18. Sproat honestly reported her temperature on the log kept at the store whereas male employees did not.

19. Defendant would not allow Sproat to return to work with a temperature, even though she tested negative for Covid and was able to work with masking. In March of 2021, Sproat was refused the ability to work by Defendant because of this and Sproat was forced to call off work.

20. There was no effort made by Defendant to see if there were any other jobs Sproat could perform either onsite or remotely; they simply would not allow Sproat to come in and work while having a temperature.

21. Sproat was told by her boss on Friday, March 12th that if she did not work her shift on the 17th she would be fired.

22. Sproat called into the Corporate HR in Michigan on March 16th and they told Sproat she did not qualify for leave and there was nothing they could do for her.

23. On March 16th, Sproat's mother tried to bring in a doctor's note for Sproat and the manager (Correy) would not accept it. Sproat's mother asked the manager what would happen if Sproat showed up while having a temperature and the manager said Sproat would still be fired.

24. Other male employees who did not have underlying disabilities showed up to work with Covid-19 symptoms but were allowed to go ahead and work. One male team lead, Aaron

Hadier, even stated that he never actually took his temperature and just wrote down a number in the temperature logbook.

25. Sproat contends she was discriminated against on the basis of her gender and her disability/perceived disability in violation of her rights under the ADA and Title VII of the Civil Rights Act.

26. Defendant's discriminatory conduct was the direct and proximate cause of Sproat suffering the loss of her job and income, and additionally subjected her to inconvenience, emotional distress, mental anguish and other damages and injuries.

27. Sproat is entitled to seek compensatory and punitive damages and reasonable attorney's fees and costs against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant for lost wages, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

<u>Jury Demand</u>

Pursuant to Rule 38(b) of the Federal Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

BURT, BLEE, DIXON, SUTTON & BLOOM, LLP

s/*Martha M. Lemert*
Martha M. Lemert (#20961-02)
200 East Main Street, Suite 1000
Fort Wayne, IN 46802
Phone:  (260) 426-1300
Fax:  (260) 422-7932
Email: mlemert@burtblee.com
*Attorney for Plaintiff*